# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY MCNEIL, | : | No. 3:15-CV-01243 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | (Magistrate Judge Saporito) |
| GLOBAL TEL-LINK, *et al.*, | : | |
| Defendant. | : | |

## ORDER

### NOVEMBER 13, 2017

Before the Court for disposition is a Report and Recommendation filed by Magistrate Judge Joseph F. Saporito, Jr.[1] In this Report, Magistrate Judge Saporito recommended that (1) the complaint (Doc. 1) be DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1), and (2) the Clerk be directed to close this case.[2] Plaintiff has since filed numerous "motions" which this Court will loosely construe as objections.[3]

---

[1] ECF No. 1.

[2] *Id.*

[3] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)(recognizing that courts must be flexible when construing *pro se* pleadings).

1

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[4] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[5] Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6] Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Following *de novo* review of the record, I am satisfied that the Report and Recommendation is sound in its legal reasoning and conclusions. Plaintiff's Complaint should be dismissed because (1) Defendant Global Tel-Link is not a state actor for Section 1983 purposes,[8] and (2) Plaintiff has nevertheless failed to

---

[4] 28 U.S.C. 636(b)(1)(B).

[5] 28 U.S.C. 636(b)(1).

[6] *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[7] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8] *See, e.g., Williams v. Securus Correctional Billing*, Civil Action No. 14-CV-42, 2014 WL 7338715, at *5 (W.D. Pa. Dec. 22, 2014).

state a claim upon which relief can be granted.[9] I will, however, reject the Report insofar as it dismisses Plaintiff's Complaint with prejudice. In his "Objections," Plaintiff asks for leave to amend his Complaint.[10] Therefore, because *pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, Plaintiff will be granted limited leave to file an Amended Complaint within twenty-one (21) days.[11]

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (ECF No. 37) is **ADOPTED IN PART AND REJECTED IN PART**;

2. Plaintiff's Complaint is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), § 1915(e)(2)(B)(ii), § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1); and

3. Plaintiff Terry McNeil is granted leave to file an Amended Complaint **within twenty one (21) days** of this Order. If no amended complaint is filed within that timeframe, the action will be summarily dismissed pursuant to Fed. R. Civ. P. 41(b).

---

[9] *See, e.g., Almahdi v. Ashcroft*, 310 F. App'x. 519, 521 (3d Cir. 2009) ("[P]risoners 'ha[ve] no right to unlimited telephone use,' and reasonable restrictions on telephone privileges do not violate their First Amendment rights.")(quoting *Washington v. Reno,* 35 F.3d 1093, 1099-1100 (6th Cir. 1994)).

[10] ECF No. 43.

[11] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008).

4. This case is remanded to Magistrate Judge Saporito to conduct judicial screening of this Amended Complaint.

5. Plaintiff's *pro se* filings (ECF Nos. 44, 45, & 49), seeking the Court to expedite a ruling on his case are denied as moot.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge